UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SUNTRUST INVESTMENT SERVICES, INC.,**

        Plaintiff,

v.                                          Case No:   6:17-cv-182-Orl-22GJK

**PEGGY ANN THORLTON,**

        Defendant.
_____

REPORT AND RECOMMENDATION

    This cause came on for consideration without oral argument on the following motions:

| **MOTION:** | **MOTION TO CONFIRM ARBITRATION AWARD AND MEMORANDUM OF LAW IN SUPPORT THEREOF (Doc. No. 1)** |
|---|---|
| **FILED:** | **February 2, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| **MOTION:** | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO MOTION TO CONFIRM ARBITRATION AWARD AND COUNTER-MOTION TO VACATE ARBITRATION AWARD (Doc. No. 3)** |
|---|---|
| **FILED:** | **February 23, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

I.     BACKGROUND.

In this action, brought pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, Plaintiff seeks to confirm the arbitration award rendered by the Financial Industry Regulatory Authority ("FINRA"),[1] and Defendant seeks to vacate it. Doc. Nos. 1, 3.

On September 17, 2014, Plaintiff instituted arbitration proceedings before FINRA against Defendant. Doc. No. 1-4 at 1. The contract between the parties that was at the center of their dispute is attached to Plaintiff's Statement of Claim as Exhibit A. Doc. No. 3-1. Plaintiff sought return of a signing bonus and Asset Transfer bonus. Doc. No. 1-4 at 1. On December 24, 2014, Defendant filed an answer and counterclaim in the arbitration proceeding. *Id.* In the counterclaim, Defendant alleged fraud or negligent misrepresentation, constructive and wrongful discharge, breach of contract, and promissory estoppel. Doc. No. 3-2 at 11-14. On January 27, 2017, the arbitrators found in favor of Plaintiff and awarded it $131,483.03 against Defendant. Doc. No. 1-4 at 2.

II.    THESE PROCEEDINGS.

On February 2, 2017, Plaintiff filed a motion to confirm the arbitration award (the "Motion"). Doc. No. 1. On February 23, 2017, Defendant filed "Defendant's Answer and Affirmative Defenses to Motion to Confirm Arbitration Award and Counter-Motion to Vacate Arbitration Award" (the "Counter Motion").[2] Doc. No. 3. On March 8, 2017, Plaintiff filed its response to the Counter Motion. Doc. No. 6. On April 25, 2017, the undersigned provided

---

[1] "FINRA is a registered self-regulatory organization under the Securities Exchange Act of 1934. It has the authority to regulate its securities firm members by creating and enforcing rules." *Klopfenstein v. Deutsche Bank Sec., Inc.*, 592 F. App'x 812, 814 n.3 (11th Cir. 2014). In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.
[2] Defendant's Counter Motion states Defendant intended to provide a transcript of the proceedings. Doc. No. 3 at 4.

Defendant with the opportunity to file an additional brief and evidence by May 9, 2017. Doc. No. 14. Defendant did not avail herself of this opportunity.[3]

### III.   STANDARD OF REVIEW.

"A federal court's review of an arbitration award is highly deferential and extremely limited." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1271 (11th Cir. 2015). Thus, the Court must "give considerable leeway to the arbitrator, setting aside his or her decision only in certain narrow circumstances." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). To that end, the FAA provides only four narrow bases for vacating an arbitration award, and only three narrow bases for modifying an arbitration award. 9 U.S.C. §§ 10, 11; *White Springs Agric. Chems., Inc. v. Glawson Invs. Corp.*, 660 F.3d 1277, 1280 (11th Cir. 2011) ("Sections 10 and 11 of the FAA, 9 U.S.C. §§ 10, 11, provide the exclusive means by which a federal court may upset an arbitration panel's award."). The party seeking to vacate or modify an arbitration award bears the burden of asserting sufficient grounds for the court to do so. *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1223 (11th Cir. 2000).

### IV.   ANALYSIS.

Defendant seeks to vacate the Award pursuant to 9 U.S.C. § 10(a)(2), (3), and (4). Doc. No. 3 at ¶ 14. Defendant's first argument is that the arbitrators should not have awarded liquidated damages because it constituted an unenforceable penalty. *Id.* at 3-4. Defendant's second argument is that one of the arbitrators was biased against her. *Id.* at ¶ 20.

---

[3] Defendant never provided a transcript of the arbitration proceeding. On May 8, 2017, Defendant did file a sealed motion asking the Court to submit evidence under seal and make arguments ex parte. Doc. No. 15. The motion was denied on May 17, 2017. Doc. No. 16.

Section 10(a)(3) permits a court to vacate an award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced . . . ."

Section 10(a)(4) permits vacation "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). A party seeking to vacate an award pursuant to § 10(a)(4) bears a heavy burden. *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 (2013). "It is not enough to show that the arbitrator committed an error – or even a serious error." *Id.* (quotations and alterations omitted). "Only if the arbitrator acts outside the scope of his contractually delegated authority–issuing an award that simply reflects his own notions of economic justice rather than drawing its essence from the contract–may a court overturn his determination." *Id.* (quotations and alterations omitted). An arbitrator's decision construing a contract will stand, even if the court believes the interpretation was incorrect. *Johnson v. Directory Assistants Inc.*, 797 F.3d 1294, 1302 (11th Cir. 2015). "When reviewing an arbitration award, . . . [the court] may revisit neither the legal merits of the award nor the factual determinations upon which it relies." *Wiand v. Schneiderman*, 778 F.3d 917, 926 (11th Cir. 2015). "So long as the arbitrator was 'arguably construing' the contract . . . a court may not correct his mistakes under § 10(a)(4)." *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. at 2070. "The arbitrator's construction holds, however good, bad, or ugly." *Id.* at 2070-71.

Defendant argues that the arbitration award should be vacated because the liquidated damages provision in her contract with Plaintiff is unenforceable as a penalty.[4] Doc. No. 3 at 3-4.

---

[4] Although Defendant maintains the arbitrators disregarded Plaintiff's claim for liquidated damages and dispensed "their own brand of justice," Defendant's own statements admit she argued such damages constituted an unenforceable

She contends that Plaintiff's damages were readily ascertainable and the arbitrators should have found that the liquidated damages provision at issue was an unenforceable penalty. *Id.* Defendant argues that the "[a]rbitrators disregarded Plaintiff's own pleading and request for 'liquidated damages' to dispense their own brand of justice." Doc. No. 3 at ¶¶ 19, 22. Defendant demonstrates only that this issue was briefed, heard, and decided adversely to her in the arbitration proceedings. Defendant's arguments go to the center of the legal merits and the arbitrators' factual determinations, and therefore Defendant does not provide a basis to vacate the arbitration award.[5]

Defendant also argues that at least one of the arbitrators was biased against her. Doc. No. 3 at ¶ 20. Defendant contends that the arbitrator repeatedly made statements that showed his bias. *Id.* As support, Defendant states that "[a]t one point, during the arbitration hearing, Arbitrator Brody, even identified himself as . . . Plaintiff's counsel. This was either a Freudian slip (clearly evincing his impartiality [sic] on the record) or the truth that in the past he represented Plaintiff, a fact never disclosed to the parties." *Id.* As noted above, *supra* note 3, Defendant did not provide the Court with a transcript of the arbitration proceedings.

Under 9 U.S.C. § 10(a)(2), an arbitration award may be vacated "where there was evident partiality or corruption in the arbitrators, or either of them . . . ." Evident partiality exists "'only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists.'" *Johnson v. Directory Assistants Inc.*, 797 F.3d 1294, 1300 (11th Cir. 2015) (quoting *Univ. Commons–Urbana, Ltd. v. Universal Constructors, Inc.*, 304 F.3d 1331, 1339 (11th Cir. 2002)).

---

penalty. Doc. No. 3 at 3-4. Defendant also briefed that issue in her pre-hearing brief. Doc. No. 3-5 at 2-5.
[5] Defendant does not argue that the arbitration panel modified the agreement, rather than interpreted it. *See Wiregrass Metal Trades Council AFL–CIO v. Shaw Envtl. & Infrastructure, Inc.*, 837 F.3d 1083, 1088 (11th Cir. 2016) ("The arbitrator acts within her authority when she even arguably interprets a contract, and she exceeds her authority when she modifies the contract's clear and unambiguous terms.").

Defendant fails to demonstrate an actual conflict or that the arbitrator knew something that would lead a reasonable person to believe that a potential conflict existed, but failed to disclose it. Defendant also did not provide a transcript for the Court to review the sole factual basis that allegedly supports her bias argument. The undersigned recommends that the Court reject Defendant's argument that the arbitration award should be vacated under 9 U.S.C. § 10(a)(2).

Plaintiff asks that the arbitration award be confirmed and that it be awarded "daily interest, to the extent applicable, in the amount of $17.88 per day beginning from the date of the Award until the Award is paid in full." Doc. No. 1 at 4. Plaintiff calculated this amount using the current interest rate for final judgments under Florida Statute section 55.03, which is 4.97% per year. *Id.*

Jurisdiction here is based on diversity of citizenship. Doc. No. 1 at ¶¶ 7-10. Therefore, Florida law determines whether Plaintiff is entitled to post-award, pre-judgment interest. *Rollins, Inc. v. Black*, 167 F. App'x 798, 800 n.4 (11th Cir. 2006). "In Florida, interest from the date of the arbitral award is 'required' where the award liquidated the amount owed." *Id.* at 800 (citing *Okun v. Litwin Sec., Inc.*, 652 So. 2d 387, 389 (Fla. 3rd DCA 1995)). "[O]nce an arbitration award is confirmed by the court it becomes, like a verdict, the judgment of that court and interest on that judgment runs from date of its entry until satisfaction of same." *Okun v. Litwin Sec., Inc.*, 652 So. 2d at 389. Therefore, it is recommended that the Court grant Plaintiff's request for an award of interest from the date of the arbitration award until the judgment is satisfied.

V. **CONCLUSION.**

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 1) be **GRANTED**;

2. The Counter Motion (Doc. No. 3) be **DENIED**;

3. The Court enter judgment in favor of Plaintiff and against Defendant; and

4. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on May 17, 2017.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy